IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANA FOWLER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. et al.,

    Defendants.

           No. 10-3933-EDL

**ORDER GRANTING MOTION TO DISMISS**

## I.    INTRODUCTION

On October 21, 2010, Plaintiff Jana Fowler filed a first amended complaint ("FAC") against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") alleging three claims:[1] violation of the Truth in Lending Act ("TILA"), violation of the Fair Credit Reporting Act ("FCRA"), and wrongful foreclosure pursuant to 12 C.F.R. § 226.23(h).[2]  On November 12, 2010, Defendant filed a motion to dismiss or transfer the case for improper venue pursuant to Rule 12(b)(3), or alternatively to dismiss the entire action pursuant to Rule 12(b)(6). Plaintiff opposed the motion on grounds that venue in this district is proper and that she has adequately stated her claims. Plaintiff alternatively requested that, should the Court find venue improper, the Court transfer the case to Hawaii instead of dismissing it. During oral argument, Defendant raised a new argument in favor of dismissal (that Plaintiff's notice of rescission was deficient and therefore untimely) and the Court questioned the parties about the impact of Plaintiff's failure to allege willingness or ability to tender on her TILA

---

[1] Plaintiff also claims, without further explanation, that Defendant violated the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, under "general allegations," but does not separately state a RESPA claim or provide a factual basis to support such a claim. FAC ¶ 7.

[2] While Plaintiff titles her third claim as "wrongful foreclosure," her only citation is to the TILA statute addressing rescission. The Court interprets Plaintiff's third claims as a TILA rescission claim, and Plaintiff did not dispute this interpretation during oral argument.

1 rescission claim. The parties submitted additional briefing on these topics following oral argument. Having considered all of the papers filed in connection with this motion, the parties' arguments during oral argument, and the record in this case, the Court hereby GRANTS Defendant's motion to dismiss for improper venue. The Court finds that the interests of justice do not favor transfer because each of Plaintiff's claims fail as a matter of law and thus transfer would be futile.

## II. BACKGROUND

Plaintiff is an individual who owns a home at 114 Kahana Nui Road, Lahaina, Hawaii ("the Property"). FAC ¶ 1. In 2004, Plaintiff obtained a mortgage on the Property from Wells Fargo for $584,500.00. FAC ¶ 29; see Wells Fargo's Request for Judicial Notice ("RJN"), Ex. A. In 2006, Plaintiff refinanced the Property for $747,500.00 with Wells Fargo Home Mortgage of Hawaii, LLC, a division of Wells Fargo. FAC ¶ 29; see Wells Fargo's RJN, Ex. B. Plaintiff alleges that Wells Fargo violated TILA in connection with the 2006 refinancing loan. FAC ¶¶ 33, 34; see Pl.'s Opp. at 2 ("The FAC claims that Wells Fargo, in the course of the 2006 loan origination, violated TILA amongst other claims."). Plaintiff alleges generally that her loan is structured unfairly, difficult to understand, and that Defendant did not meaningfully consider whether Plaintiff could afford her loan. FAC at ¶ 7. Further, Plaintiff asserts that Defendant rewarded unfair and deceptive lending practices and did not provide adequate oversight of mortgage brokers. FAC at ¶ 10.

Plaintiff claims that in October, 2009, she rescinded the loan by letter, but that Defendant has improperly refused to agree to rescind the loan. FAC ¶ 31; see FAC, Ex. A. (Notice to Rescind, dated October 18, 2009). Plaintiff's FAC alleges that Defendant has now initiated the foreclosure process on the Property, although the exact status of the foreclosure is unclear. FAC at ¶ 15. Plaintiff's FAC does not allege that she is willing or able to tender her debt, but her Opposition to Defendant's Supplemental Brief states that "Plaintiff is prepared to sell the properly in question should this Court deem tender as a preliminary requirement to rescission." Dkt. # 23 at 4. Plaintiff's Opposition to the Motion to Dismiss asserts that she now resides in Sonoma County, and that the headquarters for Wells Fargo Bank are in San Francisco. Pl.'s Opp. at 3-4. However, she has provided no evidence to support either of these points.

2

### III.   LEGAL STANDARD

#### A.   Improper Venue

A party may bring a motion asking the court to dismiss the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is the Plaintiff's burden to show that venue is proper. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer. See Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah, 2008 WL 691851, *5 (N.D.Cal.,2008) (citing King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992)).

#### B.   Failure To State A Claim

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal is proper only if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (internal quotations and citations omitted). A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted), 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

### C. Request For Judicial Notice

When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. See Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991). The two exceptions to this rule are: 1) the court may properly take judicial notice of material which is included as part of the complaint or relied upon by the complaint; and 2) the court may properly take judicial notice of matters in the public record. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). Under Federal Rule of Evidence 201, judicially noticeable facts are those "not subject to reasonable dispute" because they are generally known within the jurisdiction of the court or capable of verification by reliable sources. Fed. R. Evid. 201(b).

Here, Defendants request judicial notice of two mortgage documents (the original and refinanced loans), both recorded with the State of Hawaii Bureau of Conveyances. See Wells Fargo's RJN, Ex. A, B. While the original loan does not appear to be at issue in this case, Plaintiff does refer to the original loan in her complaint, and does not challenge the submission of either the original or the refinancing loan documents. Because Plaintiff's complaint relies on these loan documents for her claims and the documents are public records not subject to any dispute, the Court takes grants Defendant's request and takes judicial notice of the two mortgages.

4

## IV. ANALYSIS

### A. Whether Plaintiff's FAC Should Be Dismissed Or Transferred For Improper Venue

#### 1. Venue Is Improper Due To The "Local Action Doctrine"

Defendant argues that venue is improper and asks the Court to dismiss the FAC in its entirety pursuant to Rule 12(b)(3), or in the alternative to transfer this case to the District of Hawaii. Defendant argues that even though venue is generally governed by 29 U.S.C. §§ 1391 and 1406, in this instance, the "local action doctrine" controls. Under this doctrine, "[a] local action involving real property can only be brought within the territorial boundaries of the state where the land is located." Durbin v. Nat'l Loan Investors, 2002 WL 31052430, *1 (N.D. Cal. Aug 28, 2002) (quoting Hayes v. Gulf Oil Corp., 821 F.2d 285, 287 (5th Cir.1987)), rev'd on other grounds, 111 Fed. Appx. 485 (9th Cir. 2004).

In Prawoto v. PrimeLending, 720 F.Supp.2d 1149, 1154 (C.D. Cal. 2010), the court relied on a California appellate case which held that rescission actions for sale of land are local actions. Id. at 1158 (citing Massae v. Superior Court, 118 Cal. App. 3d 527, 539, (Cal. App. 1 Dist. 1981) (holding that since the plaintiff sought rescission of the power of sale, which had a direct impact on real property, "[t]he action is thus 'local' and should be tried in the county in which the real property is situated.")). Prawoto held that a plaintiff seeking rescission of her mortgage in order to avoid foreclosure was subject to the local action doctrine. Id. at 1158 ("The main relief sought is the vesting of title to the property in [Plaintiff] free of liens. Indeed, in the opening paragraphs of [Plaintiff's] complaint, she notes that 'there is a threat of foreclosure on her home.' [Plaintiff's] action, therefore, is local."). In Prawoto, the plaintiff brought her claim in the Central District of California, but the property was located in Texas. Based on the local action doctrine, the court granted defendant's motion for transfer to the Eastern District of Texas. Id.

Similarly here, Plaintiff brought the action in the Northern District of California but the Property is located in Hawaii. Further, Plaintiff does not dispute that all or most of the acts and omissions alleged in the complaint, including those pertaining to the origination of the disputed mortgage loan, took place in Hawaii. Plaintiff did not respond to Defendant's local action doctrine

United States District Court
For the Northern District of California

argument in her papers or at oral argument, other than to assert that she now lives in Sonoma County and Wells Fargo is headquartered in San Francisco, and that transferring this case to Hawaii is both "unnecessary and unduly burdensome." Pl.'s Opp. at 4 (no evidence or declaration supports this allegation). Plaintiff has not provided any authority suggesting that necessity or burden are factors to be considered in deciding whether venue is proper pursuant to the local action doctrine and the Court has not located any such authority. Therefore, venue in this district is improper under the local action doctrine.

### 2. Should The Case Be Dismissed Or Transferred?

Defendant argues that this case should be dismissed for improper venue, and that justice would not be served by transfer. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Defendant argues that dismissal, as opposed to transfer, is appropriate because the statute of limitations expired long before Plaintiff made her TILA claims, and therefore transfer will not save the first and third claims so transfer would be futile.[3] Defendant further contends that the interests of justice weigh in favor of dismissal because Plaintiff's complaint is "completely generic" and should have been filed in Hawaii. Def.'s Mot. at 6. Defendant argues that Plaintiff's choice to file in the Northern District "smacks of an ulterior purpose," (prolonging the lawsuit and costing Defendant attorney's fees that are unnecessary) and it is procedurally sensible for the Court to simply dismiss the complaint. Plaintiff counters that dismissal is improper because her TILA claims are not barred by the statute of limitations, but would be if the case is dismissed and she is forced to re-file in Hawaii. She further contends that her claims are properly pled, so transfer would not be futile.

For the following reasons, the Court finds that each of Plaintiff's claims fails as a matter of law and would be dismissed even after transfer, so transfer would be futile and dismissal is appropriate.

---

[3] With respect to Plaintiff's FCRA claim, Defendant is correct that, as pled, it is impossible to know whether the statute of limitations has expired, because the FAC does not aver any particular dates on which an alleged violation took place. Plaintiff did not make any argument in support of her FCRA claim in her opposition, and as discussed below, Plaintiff has failed to properly allege an FCRA claim.

6

### B. Plaintiff's FAC Fails To State A Claim

Defendant contends that the Court should dismiss the case because all three claims fail as a matter of law. The Court agrees.

Defendant moves to dismiss Plaintiff's first and third claims for failure to state a valid TILA claim on grounds that they are irrevocably time-barred. Defendant argues that Plaintiff's loan "was consummated on November 14, 2006, considerably more than either one or three years before she filed this suit . . . ." so the claims are time-barred. Def.'s Mot. at 7. There are two types of TILA claims: claims for damages and claims for rescission. See Stewart v. Mortgage Elec. Registration Sys., 2010 WL 1054384, at *7 (D. Or. Feb. 18, 2010). Defendant argues that claims one and three both appear to be based on the same TILA statute addressing rescission, 12 C.F.R. § 226.23(h), and Defendant cannot tell how claims one and three are materially different. However, the Court interprets claim one as a claim under TILA for damages. See FAC ¶ 34 ("Defendants actions stated herein are in violation of [TILA] and have caused Plaintiff damage in an amount to be determined at trial. Second, Plaintiff requests reasonable attorney fees and costs."). The Court interprets claim three as a claim under TILA for rescission. See FAC ¶ 43 ("Plaintiff accordingly rescinds said mortgage transaction in accordance with Title 12 CFR § 226.23(h)."). Neither party disagreed with this interpretation during oral argument or in their supplemental papers, and the Court will proceed to analyze dismissal of claims one and three under this interpretation.

#### 1. Plaintiff's Damages TILA Claim Is Time-Barred

An action for damages under TILA must generally be brought within one year of the transaction. See 15 U.S.C. § 1640(e) ("Any action under this section may be brought within one year from the date of the occurrence of the violation."). The one-year time period begins with the closing of the transaction. See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed."). This is a strict limit unless equitable tolling applies: "we hold that the limitations period in [15 U.S.C.] Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the

fraud or nondisclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. Cal. 1986).

Under 15 U.S.C. § 1640(e) and King, Plaintiff's damages claim under TILA is time-barred. The closing of the transaction, the 2006 refinancing loan, occurred in November 2006. See Def.'s RJN, Ex. B. Plaintiff did not file her damages claim until September 1, 2010, almost four years later. Plaintiff has not alleged anything that would support equitable tolling of her damages claim. Therefore, even if this Court were to transfer rather than dismiss based on improper venue, Plaintiff's TILA damages claim would necessarily be dismissed as a matter of law because it is time-barred.

### 2. Plaintiff's Rescission TILA Claim Fails

Defendant argues that Plaintiff's third claim, which the Court interprets as a TILA rescission claim, also fails as a matter of law. In its moving papers, Defendant relied primarily on the argument that Plaintiff's rescission claim is time-barred. However, at oral argument, Defendant raised the additional argument that Plaintiff's rescission letter was not a proper rescission, and the Court raised the issue that tender was not properly alleged in the FAC. Following additional briefing on these issues, the Court finds that Plaintiff's rescission claim also fails as a matter of law.

#### a. Statute of limitations

An action for rescission under TILA can extend for up to three years after the date of the loan, if certain disclosures were not given by the lender. See 15 U.S.C. § 1635(a), (f) (rescission claims under TILA "shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor)"; 12 C.F.R. § 226.23(a)(3).

The parties dispute when the three-year statute of limitations period begins to run. Plaintiff claims that she has three years from the date of the loan closing in which to send a rescission letter, and that she has one year from Defendant's refusal to rescind in which to file a lawsuit. 12 C.F.R. § 226.23(a)(3) provides that if a consumer is not notified of their right to rescind or given the material disclosures on a loan that uses the consumer's home as security within three days of the loan, "the

right to rescind shall expire 3 years after consummation . . . ." 12 C.F.R. § 226.23(a)(3).  Plaintiff alleges that she did not receive key provisions regarding her mortgage which closed in November 2006 (FAC at ¶ 13), and that she sent her rescission notice on October 18, 2009, and therefore she is within the three-year time period for rescinding.  Defendant counters that Plaintiff has three years from the date of the loan closing in which to file a rescission lawsuit, not merely to send a rescission letter.  Plaintiff did not file her lawsuit until September 1, 2010, more than three years after consumation of the loan.

There is a split of authority on this statute of limitations issue in this district, and there is no guiding authority from the Ninth Circuit.  See Briosos v. Wells Fargo Bank, 2010 WL 3341043, *4 (N.D. Cal. Aug. 25, 2010) (noting that "there is a split of authority regarding whether [TILA] requires a borrower to file a rescission claim within three years after a transaction is consummated, or whether the borrower must only assert his right to rescission within that period").  In Brisos, the court examined the split in authority and agreed with the minority approach for this Circuit.  Id. ("The fact that Plaintiff did not seek to enforce the remedy for violation of the right until he filed this lawsuit on March 8, 2010, does not undermine the fact that he exercised his right to rescission [by sending in a notice] within the prescribed limitations period."); see also Pearce v. Bank of America Home Loans, 2010 WL 2348637, *4 (N.D. Cal. June 8, 2010) (finding the minority approach persuasive as "more consistent with the statutory language" and Supreme Court caselaw); Jozinovich v. JP Morgan Chase Bank, N.A., 2010 WL 234895, *5 (N.D. Cal. Jan. 14, 2010) (stating that the rescission claim was timely since the plaintiff sent a rescission letter within three years of signing for the loan, but dismissing the claim on other grounds).

In contrast, the majority view requires a plaintiff to file a lawsuit within three years from the date of the loan.  See, e.g., Rivera v. BAC Home Loans Servicing, L.P.,  2010 WL 4916405, *3 (N.D. Cal. Nov. 22, 2010) (holding that plaintiffs' TILA claims were untimely where plaintiffs sent in a notice of cancellation within three years of the loan, but did not file their complaint until almost four years after the loan was executed); Sam v. American Home Mortg. Servicing, 2010 WL 761228, *2 (E.D. Cal. Mar. 3, 2010) (concluding that whether plaintiff sent in a notice of rescission within the three year period was irrelevant to whether plaintiff filed a timely claim for rescission and

9

1  holding that "plaintiff must file a complaint seeking rescission before the statute of repose
2  expires."); Gates v. Wachovia Mortgage, FSB, 2010 WL 902818, at *4 (E.D. Cal. Feb. 19, 2010)
3  ("Because plaintiff filed her Complaint over three years from the date of consummation, the court is
4  without jurisdiction to consider her claim for rescission under TILA.").

5  Because there is a split of authority on this issue, the Court cannot determine as a matter of
6  law what a district court in Hawaii would do when presented with this question, and thus whether
7  Plaintiff's claim would *necessarily* be dismissed on grounds that it was not filed within three years
8  of consumation of the loan. Therefore, the statute of limitations issue, by itself, does not require
9  dismissal rather than transfer.

### b. Plaintiff's Rescission Notice Was Improper

11  Regardless of which approach to the statute of limitations issue the Court adopts, Plaintiff's
12  rescission claim fails as a matter of law because the October 18, 2009 rescission letter was not a
13  proper rescission. Specifically, a borrower's right to rescind is governed by 12 C.F.R. § 226.23
14  ("Right of Rescission"), which establishes a minimum amount by which a finance charge must have
15  been understated before a borrower may rescind on this basis. See 12 C.F.R. § 226.23(g). The
16  rescission statute provides that a finance charge "shall be considered accurate" if it is understated by
17  "no more than ½ of one percent of the face amount of the note or $100, whichever is greater." Id.
18  Here, Plaintiff's rescission notice claimed that the disclosed finance charge of $1,222,459.31 was
19  inaccurate, and that the actual finance charge was $1,223,044 – a difference of approximately $585.
20  See FAC ¶ 33; Ex. A. One-half of one percent of Plaintiff's loan of $747,500 equals $3,737.50.
21  Because the alleged finance charge differed by less than $3,737.50, pursuant to 12 C.F.R. §
22  226.23(g) it was "accurate" for purposes of rescission.

23  Plaintiff counters that the accuracy tolerances of 12 C.F.R. § 226.23(g) are inapplicable once
24  foreclosure proceedings have been initiated, in which case the special rule for foreclosures codified
25  at 12 C.F.R. § 226.23(h)(2)(i) provides that a finance charge shall be considered accurate if it is
26  understated "by no more than $35." She contends that, though her October 18, 2009 rescission letter
27  was sent before foreclosure proceedings were initiated and thus the special rules for foreclosures are
28  inapplicable to that letter, she subsequently requested rescission in her complaint on September 1,

10

2010 and her FAC on October 21, 2010, after foreclosure proceedings were initiated.

However, the special rules for foreclosures only apply "[a]fter the initiation of foreclosure on the consumer's principal dwelling that secures the obligation." 12 C.F.R. § 226.23(h)(1). The FAC does not allege that the Property is Plaintiff's principal dwelling, but simply states that she has an "ownership interest" in the Property. FAC at ¶ 1. Additionally, the complaint does not allege when or if Defendant initiated foreclosure proceedings. Plaintiff's Opposition to the Motion states that she has relocated to California, though it is unclear when she relocated and if it was her primary residence at the time of foreclosure (if foreclosure has occurred).

Further, neither her complaint nor her FAC were filed within the three year statute of limitations for rescission, so Plaintiff cannot rely on these post-foreclosure filings to bring her claim within the special rules for foreclosure rescission. In her supplemental brief, Plaintiff cites Beach v. Ocwen Federal Bank, 523 U.S. 410, 418 n. 6 (1998) for the position that there may be an exception to the three year statute of limitations for TILA rescission claims in states which "have a clear doctrine permitting recoupment in the foreclosure context." Supp. Brief at 5-6. However, this footnote does not support Plaintiff's position, as it simply states in dicta that the Court had "no occasion to explore how state recoupment law might work when raised in a foreclosure proceeding outside the 3-year period." Here, Plaintiff has not raised any state law recoupment defense. The Beach Court's unequivocal holding was that "§ 1635(f) completely extinguishes the right of rescission at th end of the 3-year period" Id. at 412.

In sum, Plaintiff's October 19, 2009 notice of rescission was ineffective because the alleged finance charge was "accurate" for purposes of rescission. See 12 C.F.R. § 226.23(g). Plaintiff's complaint and FAC cannot serve as notice of rescission falling within the special rules for foreclosures because they were filed after expiration of the three year statute of limitations. Therefore, Plaintiff's TILA rescission claim also fails as a matter of law.

**c.   Failure to allege tender**

Plaintiff contends, and Wells Fargo acknowledges, that TILA generally requires that, 20 days following receipt of a notice of recision, the creditor must return and money or property to the borrower and reflect termination of the security interest, and only after that occurs the borrower must

11

1  tender the property. See 15 U.S.C. § 1635(b).  However, TILA's implementing regulations
2  authorize courts to modify this procedure.  See 12 C.F.R. § 226.23(d)(4).  In Yamamoto v. Bank of
3  New York, 329 F.3d 1167, 1170 (9th Cir. 2003), the Ninth Circuit held that a court may "condition
4  rescission on tender by the borrower of the property he had received from the lender."  In
5  Yamamoto, the Ninth Circuit affirmed a district court's decision to deny the plaintiffs' request to
6  rescind because they could not tender the unpaid principal, even without first determining whether
7  TILA was violated.  Id.  Other cases have found that, if the plaintiff is unable to pay back what she
8  received, rescission is an "empty remedy."  Garza v. Am. Home Mortgage, 2009 WL 188604, at *5
9  (E.D. Cal. 2009); see also Aguilera v. Hilltop Lending Corp., 2010 WL 3340566 (N.D. Cal. Aug 25,
10 2010) (collecting federal district court cases enforcing the "tender rule" against all equitable claims
11 for relief in mortgage cases).

12       Plaintiff's supplemental brief addresses this argument by stating that the Official Staff
13 Commentary to sections 226.15(d)(4)-1 and 226.23(d)(4)-1 explicitly reject the Yamamoto position.
14 However, this commentary does not override applicable Ninth Circuit authority, and instead simply
15 states that "a court would normally determine whether the consumer has a right to rescind and
16 determine the amounts owed before establishing the procedures for the parties to tender any money
17 or property."  The commentary does not preclude courts from requiring a borrower seeking
18 rescission to allege a willingness and ability to tender prior to allowing a rescission claim to proceed.

19       Dismissal of Plaintiff's rescission claim is also appropriate because the FAC does not allege
20 that Plaintiff is willing and able to tender her debt.  However, in her supplemental briefing, she states
21 that she is prepared to sell the Properly should the Court deem tender as a preliminary requirement
22 to rescission.  While not an unequivocal statement of ability or willingness to tender, based on this
23 statement the Court does not find that amendment to allege tender would necessarily be futile.
24 However, because the claim should be dismissed as a matter of law on another basis, amendment to
25 allege tender would not save the rescission claim.

26          **3.    Plaintiff's FCRA Claim Fails**

27       Plaintiff's FCRA claim alleges that Defendant willfully and intentionally reported Plaintiff as
28 delinquent on her loan obligations to various credit reporting agencies ("CRAs").  Plaintiff alleges

12

that Defendant continues to report her as delinquent on her loan, despite the fact that Plaintiff rescinded her loan on October 19, 2009. Defendant agrees that the FRCA regulates those who furnish information to CRAs, but argues that a furnisher of information can only be liable under the FCRA if the CRA gives it notice that someone is disputing a negative report and it then fails to act in compliance with the statute. See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002) (noting that the furnisher of information can avoid liability by taking the proper steps when a report is disputed).

Defendant argues that Plaintiff has failed to state an FCRA claim, because Plaintiff has not alleged that she disputed negative reports on her credit, nor has she alleged that Wells Fargo was informed of such a dispute or failed to properly respond. See Torne v. Republic Mortgage LLC, 2010 WL 1904507, at *4 (D. Nev. May 10, 2010) (holding that the plaintiff's FCRA claim failed as a matter of law because the plaintiff did not allege that he informed the CRA that he was disputing the defendant's report). Plaintiff did not offer any opposition to Defendant's arguments regarding her FCRA claim in her papers at oral argument, or otherwise contend that she can amend to state a proper FCRA claim. Thus, this claim would also be dismissed as a matter of law.

## V. CONCLUSION

Because venue in this district is improper under the local action doctrine, and because transfer would be futile, the Court GRANTS Defendant's motion to dismiss pursuant to Rule 12(b)(3).

Dated: January 18, 2011

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge